1   Matthew R. Bainer, Esq. (SBN 220972)
    **THE BAINER LAW FIRM**
2   1901 Harrison St., Suite 1100
    Oakland, California 94612
3   Telephone:    (510) 922-1802
    Facsimile:    (510) 844-7701
4   mbainer@bainerlawfirm.com

5   Attorneys for Plaintiffs

6   *Additional Counsel listed on next page*

7

8               **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  RAYCHEAL TELLEZ, QUIANNA          Case No.:  3:18-cv-02480-CAB-LL
    TERRY, SHERRI MEDEIROS and
12  DANIELLE REZENDES, individually, and   **SECOND AMENDED CLASS ACTION**
    on behalf of other members of the general   **COMPLAINT & ENFORCEMENT**
13  public similarly situated, and as aggrieved   **UNDER THE PRIVATE ATTORNEYS**
    employees pursuant to the Private Attorneys   **GENERAL ACT, CALIFORNIA LABOR**
14  General Act ("PAGA"),                **CODE §§ 2698 ET SEQ.**

15              Plaintiff,              (1) Violation of California Labor Code §§ 510
                                            and 1198 (Unpaid Overtime);
16         vs.                         (2) Violation of California Labor Code
                                            §§ 1194, 1197, and 1197.1 (Unpaid
17  ULTA SALON, COSMETICS &                 Minimum Wages);
    FRAGRANCE, INC. a Delaware         (3) Violation of California Labor Code
18  corporation; and DOES 1 through 100,    §§ 226.7 and 512(a) (Unpaid Meal Period
    inclusive,                              Premiums);
19                                      (4) Violation of California Labor Code § 226.7
                Defendants.                 (Unpaid Rest Period Premiums);
20                                      (5) Violation of California Labor Code §§ 201
                                            and 202 (Wages Not Timely Paid Upon
21                                          Termination);
                                        (6) Violation of California Labor Code §
22                                          226(a) (Non-Compliant Wage Statements);
                                        (7) Violation of California Labor Code § 2802
23                                          (Failure to Reimburse Business Expenses);
                                        (8) Violation of Labor Code §§ 2698, et seq.
24                                          ("PAGA"); and
                                        (9) Violation of California Business &
25                                          Professions Code §§ 17200, *et seq*.

26                                      **Jury Trial Demanded**

27

28

PETER R. DION-KINDEM, SBN 95267
**THE DION-KINDEM LAW FIRM**
**PETER R. DION-KINDEM, P. C.**
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Telephone: (818) 883-4900
Email: peter@dion-kindemlaw.com

LONNIE C. BLANCHARD, III, SBN 93530
**THE BLANCHARD LAW GROUP, APC**
3579 East Foothill Blvd., No. 338
Pasadena, CA 91107
Telephone: (213) 599-8255
Fax: (213) 402-3949
Email: lonnieblanchard@gmail.com

JAMES R. HAWKINS, SBN 192925
ISANDRA FERNANDEZ, SBN 220482
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, CA 92618
Telephone: 949.387.7200
Fax No.: 949.387.6676

MATTHEW J. MATERN, SBN 159798
JOSHUA D. BOXER, SBN 226712
**MATERN LAW GROUP, PC**
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Telephone: 310.531.1900
Facsimile: 310.531.1901
Emails: mmatern@maternlawgroup.com
 mgordon@maternlawgroup.com

SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiffs, individually and on behalf of all other members of the public similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1.     This class action is brought pursuant to California Code of Civil Procedure section 382.  The monetary damages and restitution sought by Plaintiffs exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

2.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.     This Court has jurisdiction over all Defendants because, upon information and belief, Defendants are either citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

4.     Venue is proper in this Court because the acts and omissions alleged herein took place in this county.

5.     California Labor Code sections 2699 et seq., PAGA, authorizes aggrieved employees to sue directly for various civil penalties under the California Labor Code.

6.     Plaintiffs timely provided notice on July 12, 2018 to the California Labor and Workforce Development Agency ("LWDA") and to Defendants, pursuant to California Labor Code section 2699.3.

## THE PARTIES

7.     Plaintiffs Raycheal Tellez, Quianna, Sherri Medeiros and Danielle Rezendes are residents of the State of California.

8.     Defendant Ulta Salon, Cosmetics & Fragrance, Inc. ("Defendant") was and is, upon information and belief, a Delaware corporation and, at all times hereinafter mentioned, an employer whose employees are engaged throughout the State of California, or the various states of the United States of America.

9.     Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 100 but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

10.     Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 100 are the partners, agents, owners, shareholders, managers or employees of Defendant at all relevant times.

11.     Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendant and/or DOES 1 through 100 (collectively "Defendants"), each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf.  The acts of any and all Defendants represent and were in accordance with Defendants' official policy.

12.     At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

13.     Plaintiffs are informed and believe, and thereon allege, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

**CLASS ACTION ALLEGATIONS**

14.     Plaintiffs bring this action on her own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure section 382.

15.     All claims alleged herein arise under California law for which Plaintiffs seek relief authorized by California law.

16.     Plaintiffs' proposed class consists of and is defined as follows:

> All individuals who worked for Defendants in any retail store in the state of California as a non-exempt, hourly-paid employee at any time during the period from four years prior to the filing of this Complaint until the date of certification ("Class").

17.  Members of the Class will hereinafter be referred to as "class members."

18.  Plaintiffs reserve the right to redefine the Class and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

19.  There are common questions of law and fact as to the class members that predominate over questions affecting only individual members, including, but not limited to:

    (a)  Whether Defendants required Plaintiffs and class members to work off-the-clock without payment;

    (b)  Whether Defendants required Plaintiffs and class members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay legally required overtime compensation to Plaintiff and class members;

    (c)  Whether Defendants failed to pay at least minimum wages for all hours worked by Plaintiff and class members;

    (d)  Whether Defendants deprived Plaintiffs and class members of meal periods or required Plaintiffs and class members to work during meal periods without compensation;

    (e)  Whether Defendants deprived Plaintiffs and class members of rest periods or required Plaintiffs and class members to work during rest periods without compensation;

    (f)  Whether Defendants complied with wage reporting as required by California Labor Code section 226(a);

    (g)  Whether Defendants complied with the record keeping as required by California Labor Code section 226(a);

    (h)  Whether Defendants reimbursed Plaintiffs and class members for necessary and incurred business expenses as required by California Labor Code section 2802;

1

2          (i)   Whether Defendants failed to timely pay wages due to Plaintiffs

3          and class members during their employment, including meal and rest

4          period premium wages;

5          (j)   Whether Defendants failed to timely pay wages due to class

6          members upon their discharge, including meal and rest period

7          premium wages;

8          (k)   Whether Defendants' failure to pay wages, without abatement or

9          reduction, in accordance with the California Labor Code, was willful

10         or reckless;

11         (l)   Whether Defendants engaged in unfair business practices in

12         violation of California Business & Professions Code sections 17200,

13         *et seq.*; and

14         (m)  The appropriate amount of damages, restitution, or monetary

15         penalties resulting from Defendants' violations of California law.

16    20.   There is a well-defined community of interest in the litigation and the class is

17    readily ascertainable:

18         (a)    Numerosity:  The members of the class are so numerous that joinder of

19              all members would be unfeasible and impractical.  The membership of

20              the entire class is unknown to Plaintiffs at this time; however, the class

21              is estimated to be over forty and the identity of such membership is

22              readily ascertainable by inspection of Defendants' employment records.

23         (b)    Typicality:  Plaintiffs are qualified to, and will, fairly and adequately

24              protect the interests of each class member with whom he has a well-

25              defined community of interest, and Plaintiffs' claims (or defenses, if

26              any) are typical of all Class Members' as demonstrated herein.

27         (c)    Adequacy:  Plaintiffs are qualified to, and will, fairly and adequately

28              protect the interests of each class member with whom he has a well-

1   defined community of interest and typicality of claims, as demonstrated

2   herein.  Plaintiffs acknowledge that they have an obligation to make

3   known to the Court any relationship, conflicts or differences with any

4   class member.  Plaintiffs' attorneys, the proposed class counsel, are

5   versed in the rules governing class action discovery, certification, and

6   settlement.  Plaintiffs have incurred, and throughout the duration of this

7   action, will continue to incur costs and attorneys' fees that have been,

8   are and will be necessarily expended for the prosecution of this action

9   for the substantial benefit of each class member.

10  (d)   Superiority:  The nature of this action makes the use of class action

11  adjudication superior to other methods.  A class action will achieve

12  economies of time, effort, and expense as compared with separate

13  lawsuits, and will avoid inconsistent outcomes because the same issues

14  can be adjudicated in the same manner and at the same time for the

15  entire class.

16  (e)   Public Policy Considerations:  Employers in the State of California

17  violate employment and labor laws every day.  Current employees are

18  often afraid to assert their rights out of fear of direct or indirect

19  retaliation.  Former employees are fearful of bringing actions because

20  they believe their former employers might damage their future

21  endeavors through negative references and/or other means.  Class

22  actions provide the class members who are not named in the complaint

23  with a type of anonymity that allows for the vindication of their rights at

24  the same time as their privacy is protected.

25  **GENERAL ALLEGATIONS**

26  21.   Defendants operate retail beauty supply stores in various locations throughout

27  the State of California.

28  22.   Defendants employed Plaintiffs as non-exempt, hourly-paid employees, in its

multiple California retail stores throughout the class period.

23.   Defendants continue to employ non-exempt, hourly-paid employees at multiple store locations throughout California.

24.   Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

25.   Plaintiffs are informed and believe, and thereon allege, that employees were not paid for all hours worked because all hours worked were not recorded.

26.   Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

27.   Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive at least minimum wages for compensation and that, in violation of the California Labor Code, they were not receiving at least minimum wages for work done off-the-clock.

28.   Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and other class members were entitled to receive all meal periods or payment of one (1) additional hour of pay at Plaintiffs and other class members' regular rate of pay when they did not receive a timely, uninterrupted meal period, and that they did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiffs and other class members' regular rate of pay when they did not receive a timely, uninterrupted meal period.

29.   Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and other class members were entitled to receive all rest periods or payment of one (1) additional hour of pay at Plaintiffs and other class members' regular rate of pay when a rest period was missed, and that they did not receive all rest periods

or payment of one (1) additional hour of pay at Plaintiffs and other class members' regular rate of pay when a rest period was missed.

30.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and other class members were entitled to receive complete and accurate wage statements in accordance with California law.  In violation of the California Labor Code, Plaintiffs and other class members were not provided with complete and accurate wage statements.

31.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that it was required to remain accurate records concerning the employment of Plaintiffs and other class members.  In violation of the California Labor Code, Defendants failed to maintain the statutorily required employment records of Plaintiff and other class members.

32.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that class members were entitled to be fully reimbursed for all necessary and reasonable business expenses incurred while completing their job duties. In violation of the California Labor Code, Plaintiffs and other class members did not receive reimbursement for all expenses reasonably and necessarily incurred in the performance of their job duties.

33.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and other class members were entitled to timely payment of wages during their employment.  In violation of the California Labor Code, Plaintiffs and other class members did not receive payment of all wages, including, but not limited to meal and rest period premium wages, within permissible time periods.

34.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that terminated class members were entitled to timely payment of wages upon termination.  In violation of the California Labor Code, terminated class members did not receive payment of all wages, including, but not limited to meal and rest period premium wages, within permissible time periods.

35.     Plaintiffs are informed and believe, and thereon allege, that at all times herein

mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiffs and other members of the class, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiffs and other class members that they were properly denied wages, all in order to increase Defendants' profits.

36.   At all times herein set forth, PAGA was applicable to Plaintiffs' employment by Defendants.

37.   At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of herself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

38.   Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

39.   Plaintiffs were employed by Defendants and the alleged violations were committed against him during his time of employment and he is, therefore, an aggrieved employee.  Plaintiffs and other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations were committed against them.

40.   Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiffs, may pursue a civil action arising under PAGA after the following requirements have been met:

(a)   The aggrieved employee shall give written notice by certified mail (hereinafter "Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

(b)   The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

41.    On July 12, 2018 Plaintiff Tellez provided written notice by certified mail to the LWDA and to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, pursuant to California Labor Code section 2699.3.  Defendants have failed to cure any of the alleged violations.

42.    Therefore, as of September 15, 2018, the administrative prerequisites under California Labor Code section 2699.3(a) are satisfied and Plaintiff Tellez has authorization to recover civil penalties and unpaid wages against Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 206.5, 226, 226(a), 226.7, 510, 512, 1194, 1197, 1197.1, and 1198.

**FIRST CAUSE OF ACTION**

**Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime**

**(Against All Defendants)**

43.    Plaintiffs incorporate by reference and re-alleges as if fully stated herein each and every allegation set forth above.

44.    California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission

1   shall be the . . . standard conditions of labor for employees.  The employment of any employee
2   . . . under conditions of labor prohibited by the order is unlawful."

3       45.    California Labor Code section 1198 and the applicable Industrial Welfare
4   Commission ("IWC") Wage Order provide that it is unlawful to employ persons without
5   compensating them at a rate of pay either time-and-one-half or two-times that person's regular
6   rate of pay, depending on the number of hours worked by the person on a daily or weekly
7   basis.

8       46.    Specifically, the applicable IWC Wage Order provides that Defendants are and
9   were required to pay Plaintiffs and class members employed by Defendants, and working
10  more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of
11  time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty
12  (40) hours in a workweek.

13      47.    The applicable IWC Wage Order further provides that Defendants are and were
14  required to pay Plaintiffs and class members employed by Defendants, and working more than
15  twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate
16  of pay.

17      48.    California Labor Code section 510 codifies the right to overtime compensation
18  at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours
19  in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day
20  of work, and to overtime compensation at twice the regular hourly rate for hours worked in
21  excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day
22  of work.

23      49.    During the relevant time period, Plaintiffs and class members worked in excess
24  of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty
25  (40) hours in a week without receiving overtime compensation therefor.  Relevant examples of
26  such denials include, but are not limited to, requiring employees to perform security searches
27  of their belonging while off-the-clock, requiring "key holder" managers to remain on premises
28  and on-duty during breaks without receiving compensation therefor, requiring employees to

perform work off-premises without compensation, understaffing store operations in a manner requiring employees to perform work off-the-clock both before and after their shifts, and failing to include bonus payments in the calculation of employees' regular rate of ay for purpose of calculating their proper overtime rate of pay. Because Plaintiffs and class members worked shifts of eight (8) hours a day and/or forty (40) hours in a week, some of this uncompensated work time qualified for overtime premium.

50.     Defendants' failure to pay Plaintiffs and class members the unpaid balance of overtime compensation, as required by California law, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

51.     Pursuant to California Labor Code section 1194, Plaintiffs and class members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**

**Violation of California Labor Code §§ 1194, 1197, 1197.1—Unpaid Minimum Wages**

**(Against All Defendants)**

52.     Plaintiffs incorporate by reference and re-alleges as if fully stated herein each and every allegation set forth above.

53.     At all relevant times, California Labor Code sections 1194, 1197 and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful.  As set forth above, Defendants regularly required Plaintiffs and class members to work off-the-clock without compensation.  Defendants did not pay at least minimum wages for all of these off-the-clock hours.  Also, to the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1194, 1197, and 1197.1.

54.     Defendants' failure to pay Plaintiff and class members the minimum wage as required violates California Labor Code sections 1194, 1197 and 1197.1.  Pursuant to those

sections, Plaintiffs and class members are entitled to recover the unpaid balance of their minimum wage compensation, as well as interest, costs, and attorney's fees.

55.     Pursuant to California Labor Code section 1194.2, Plaintiffs and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## THIRD CAUSE OF ACTION

## Violations of California Labor Code §§ 226.7 and 512(a)—Unpaid Meal Period Premiums

## (Against All Defendants)

56.     Plaintiffs incorporate by reference and re-alleges as if fully stated herein each and every allegation set forth above.

57.     At all relevant times herein set forth, the applicable California Industrial Welfare Commission (IWC) Wage Order(s) and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiffs' and the other class members' employment by Defendants and each of them.

58.     At all relevant times herein set forth, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the California Industrial Welfare Commission (IWC).

59.     At all relevant times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee. Section 512(a) additionally provides that an employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived

60.     During the relevant time period, Plaintiffs and other class members scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without a meal period of not less than thirty (30) minutes and Plaintiffs and other class members scheduled to work for a period of time no longer than twelve (12) hours, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than ten (10) hours without a meal period of not less than thirty (30) minutes

61.     During the relevant time period, Defendants willfully required Plaintiffs and other class members to work during meal periods and failed to compensate them for work performed during meal periods.  Examples of such relevant conduct include, but are not limited to,requiring employees to submit to off-the-clock security checks and/or to remain on the premises during their meal periods and requiring "key holder" managerial employees to remain on premises and on-duty during their meal and rest periods. These activities often occurred during these employees' unpaid meal breaks. Resultantly, Plaintiffs and other class members were required to work through meal periods, cut their meal periods short, suffer interruptions during meal periods, and/or take meal periods after the fifth hour of work because of Defendants' practices.  Defendants then failed to pay Plaintiff and other class members all meal period premiums due pursuant to California Labor Code section 226.7.

62.     Defendants' conduct violates applicable Industrial Welfare Commission (IWC) Wage Order(s), and California Labor Code sections 226.7 and 512(a).

63.     Pursuant to the applicable Industrial Welfare Commission (IWC) Wage Order(s) and California Labor Code section 226.7(b), Plaintiffs and other class members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular hourly rate of compensation for each work day that the meal period was not provided.

**FOURTH CAUSE OF ACTION**

**Violation of California Labor Code § 226.7—Unpaid Rest Period Premiums**

**(Against All Defendants)**

64.    Plaintiffs incorporate by reference and re-alleges as if fully stated herein each and every allegation set forth above.

65.    At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiffs' and class members' employment by Defendants.

66.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

67.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

68.    During the relevant time period, Defendants required Plaintiffs and class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.  As with meal periods, Defendants failure to properly staff and coordinate employees' schedules and imposition of security search and "key holder" responsibilities lead to their being unable to take compliant rest breaks, often on two or three occasions per day depending on the length of the shift, even where they had knowledge about their rest break rights.  Defendants then failed to pay Plaintiffs and class members the full rest period premium due pursuant to California Labor Code section 226.7.  As a result, Defendants failed to pay Plaintiffs and other class members rest period premiums in violation of California Labor Code section 226.7.

69.    During the relevant time period, Defendants failed to pay Plaintiffs and class

1   members the full rest period premium due pursuant to California Labor Code section 226.7.

2       70.     Defendants' conduct violates the applicable IWC Wage Orders and California

3   Labor Code section 226.7.

4       71.     Pursuant to the applicable IWC Wage Order and California Labor Code section

5   226.7(b), Plaintiffs and class members are entitled to recover from Defendants one (1)

6   additional hour of pay at the employee's regular hourly rate of compensation for each work

7   day that the rest period was not provided.

8                            **FIFTH CAUSE OF ACTION**

9   **Violation of California Labor Code §§ 201 and 202 – Wages Not Timely Paid Upon**

10                               **Termination**

11                          **(Against All Defendants)**

12      72.     Plaintiffs incorporate by reference and re-alleges as if fully stated herein each

13  and every allegation set forth above.

14      73.     This cause of action is wholly derivative of and dependent upon the unpaid

15  wage claims set forth for unpaid overtime wages, unpaid minimum wages, and unpaid meal

16  and rest period premium wages, which remained unpaid upon termination of class members'

17  employment.

18      74.     At all times herein set forth, California Labor Code sections 201 and 202

19  provide that if an employer discharges an employee, the wages earned and unpaid at the time

20  of discharge are due and payable immediately, and that if an employee voluntarily leaves his

21  or her employment, his or her wages shall become due and payable not later than seventy-two

22  (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of

23  his or her intention to quit, in which case the employee is entitled to his or her wages at the

24  time of quitting.

25      75.     During the relevant time period, Defendants willfully failed to pay class

26  members who are no longer employed by Defendants the earned and unpaid wages set forth

27  above, including but not limited to, overtime wages, minimum wages, and meal and rest

28  period premium wages, either at the time of discharge, or within seventy-two (72) hours of

their leaving Defendants' employ.

76.     Defendants' failure to pay those class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

77.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

78.     Class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

### SIXTH CAUSE OF ACTION

### Violation of California Labor Code § 226(a)—Non-Compliant Wage Statements and Failure to Maintain Business Records

### (Against All Defendants)

79.     Plaintiffs incorporate by reference and re-alleges as if fully stated herein each and every allegation set forth above.

80.     At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, total hours worked, and all applicable hourly rates.

81.     Defendants have intentionally and willfully failed to provide employees with or retain complete and accurate wage statements.  The deficiencies include, among other things, failing to state all wages owed or paid including but not limited to, overtime wages, minimum wages, and meal and rest period premium wages as a result of failing to properly record meal period violations and/or premiums and failing to accurately identify the name and address of the legal entity that employed Plaintiffs and class members.  Further, in violation of California

Labor Code section 226(a), Defendant does not maintain on file a copy of the itemized statements provided to employees or a computer-generated record that accurately shows gross wages earned for all hours worked and not recorded, total hours worked by the employee as a result of working off the clock and not recording those hours, the inclusive dates of the period for which the employee is paid, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee as required by California Labor Code section 226(a).

82.     As a result of Defendants' violation of California Labor Code section 226(a), Plaintiffs and class members have suffered injury and damage to their statutorily protected rights.

83.     Specifically, Plaintiffs and class members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code section 226(a).  In addition, because Defendants failed to provide the accurate number of total hours worked on wage statements, Plaintiffs have been prevented by Defendants from determining if all hours worked were paid and the extent of the underpayment.  Plaintiffs have had to file this lawsuit, conduct discovery, reconstruct time records, and perform computations in order to analyze whether in fact Plaintiffs were paid correctly and the extent of the underpayment, thereby causing Plaintiffs to incur expenses and lost time.  Plaintiffs would not have had to engage in these efforts and incur these costs had Defendants provided the accurate number of total hours worked.  This has also delayed Plaintiffs' ability to demand and recover the underpayment of wages from Defendants.

84.     Plaintiffs and class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

## SEVENTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, et seq.

#### (Against All Defendants)

78.     Plaintiffs incorporats by reference and re-alleges as if fully stated herein each and every allegation set forth above.

79.     Labor Code§ 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

80.     In order to discharge their duties for Defendants, Plaintiffs and Class Members have incurred reasonable and necessary expenses in the course of completing their job duties, which were not reimbursed by Defendants.

81.     Plaintiffs and Class Members are entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and costs, under Labor Code§ 2802.

## EIGHTH CAUSE OF ACTION

### Violation of California Labor Code §§ 2698, *et seq.*

#### (Against All Defendants)

85.     Plaintiffs incorporate by reference and re-alleges as if fully stated herein each and every allegation set forth above.

86.     California Labor Code §§ 2698, *et seq.* ("PAGA") permits Plaintiffs to recover civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code section 2699.5.

87.     PAGA provides as follows, "[n]otwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."

88.     Defendants' conduct, as alleged herein, violates numerous sections of the California Labor Code, including, but not limited to, the following:

      a.   Violation of Labor Code sections 510 and 1198 for Defendants' failure to compensate Plaintiff and other aggrieved employees for all overtime hours

at the applicable overtime rate as herein alleged;

    b.  Violation of Labor Code sections 1194, 1197, and 1197.1 for Defendants' failure to compensate Plaintiffs and other aggrieved employees for all hours worked with at least minimum wages as herein alleged;

    c.  Violation of Labor Code Sections 512 and 226.7 for Defendants' failure to provide Plaintiffs and other aggrieved employees with legally mandated meal periods and failing to compensate Plaintiffs and other aggrieved employees with one hours of premium pay for unprovided meal periods as alleged herein;

    d.  Violation of Labor Code Section 226.7 for Defendants' failure to provide Plaintiffs and other aggrieved employees with legally mandated rest periods and failing to compensate Plaintiffs and other aggrieved employees with one hours of premium pay for unprovided rest periods as alleged herein;

    e.  Violation of Labor Code section 226(a) for failure to provide compliant wage statements to Plaintiff and other aggrieved employees, as herein alleged;

    f.  Violation of Labor Code sections 201, 202, and 203 for failure to timely pay all earned wages to aggrieved employees upon discharge as herein alleged;

    g.  Violation of Labor Code section 204 for failure to pay all earned wages owed to Plaintiffs and other aggrieved employees during employment as set forth more fully below; and

89.    California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

90.    California Labor Code section 204 requires that all wages earned by any person

in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.  California Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.  During the relevant time period, Defendants failed to pay Plaintiffs and other aggrieved employees all wages due to them, including, but not limited to, minimum wages and reporting time pay within any time period specified by California Labor Code section 204.

91.     Defendants, at all times relevant to this complaint, were employers or persons acting on behalf of an employer(s) who violated Plaintiffs and aggrieved employees' rights by violating various sections of the California Labor Code as set forth above.

92.     As set forth above, Defendants have violated numerous provisions of both the Labor Code sections regulating hours and days of work as well as the applicable order of the Industrial Welfare Commission and are subject to civil penalties, in addition to those provided by Labor Code sections 2698 and 2699.

93.     Pursuant to PAGA, and in particular California Labor Code sections 2699, 2699.3 and 2699.5, Plaintiffs, acting in the public interest as a private attorney general, seek assessment and collection of unpaid wages and civil penalties for Plaintiffs, all other aggrieved employees, and the State of California against Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 206.5, 226(a), 226.7, 510, 512, 1194, 1197, 1197.1, and 1198.

### NINTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, *et seq.*

### (Against All Defendants)

94.     Plaintiffs incorporate by reference and re-alleges as if fully stated herein each

1    and every allegation set forth above.

2         95.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

3    unlawful and harmful to Plaintiffs, class members, and to the general public.  Plaintiffs seek to

4    enforce important rights affecting the public interest within the meaning of Code of Civil

5    Procedure section 1021.5.

6         96.    Defendants' activities, as alleged herein, are violations of California law, and

7    constitute unlawful business acts and practices in violation of California Business &

8    Professions Code sections 17200, *et seq.*

9         97.    A violation of California Business & Professions Code sections 17200, *et seq.*

10   may be predicated on the violation of any state or federal law.  In the instant case, Defendants'

11   policies and practices have violated state law in at least the following respects:

12              (c)    Requiring non-exempt employees, including Plaintiffs and class

13                     members, to work overtime without paying them proper compensation

14                     in violation of California Labor Code sections 510 and 1198 and the

15                     applicable Industrial Welfare Commission Order;

16              (d)    Failing to pay at least minimum wage to Plaintiffs and class members in

17                     violation of California Labor Code sections 1194, 1197 and 1197.1 and

18                     the applicable Industrial Welfare Commission Order;

19              (e)    Failing to pay reporting time pay for each day Plaintiffs and class

20                     members were required to report for work and did report for work, but

21                     were not put to work by Defendant in violation of IWC Wage Order 7-

22                     2001 §5, 8 Cal. Code Reg. §11070;

23              (f)    Failing to provide meal and rest periods or to pay premium wages for

24                     missed meal and rest periods to Plaintiffs and class members in

25                     violation of California Labor Code sections 226.7 and 512 and the

26                     applicable Industrial Welfare Commission Order;

27              (g)    Failing to provide Plaintiffs and class members with accurate wage

28                     statements in violation of California Labor Code section 226(a) and the

applicable Industrial Welfare Commission Order; and

(h)    Failing to timely pay all earned wages to Plaintiffs and class members in violation of California Labor Code sections 210, 202, 203 and 204 and the applicable Industrial Welfare Commission Order as set forth below.

98.    Pursuant to California Business & Professions Code sections 17200 *et seq.*, Plaintiffs and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## REQUEST FOR JURY TRIAL

Plaintiffs request a trial by jury.

## PRAYER FOR RELIEF

Plaintiffs, on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

1.    For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in excess of twenty-five thousand dollars ($25,000).

## Class Certification

2.    That this case be certified as a class action;

3.    That Plaintiffs be appointed as the representative of the Class;

4.    That counsel for Plaintiffs be appointed as Class Counsel.

## As to the First Cause of Action

5.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiffs and class members;

6.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.    For pre-judgment interest on any unpaid overtime compensation commencing

1    from the date such amounts were due;

2        8.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

3    California Labor Code section 1194(a); and

4        9.    For such other and further relief as the Court may deem equitable and

5    appropriate.

6                        **As to the Second Cause of Action**

7        10.    That the Court declare, adjudge and decree that Defendants violated California

8    Labor Code sections 1194, 1197 and 1197.1 by willfully failing to pay minimum wages to

9    Plaintiff and class members;

10       11.    For general unpaid wages and such general and special damages as may be

11   appropriate;

12       12.    For pre-judgment interest on any unpaid compensation from the date such

13   amounts were due;

14       13.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

15   California Labor Code section 1194(a);

16       14.    For liquidated damages pursuant to California Labor Code section 1194.2; and

17       15.    For such other and further relief as the Court may deem equitable and

18   appropriate.

19                        **As to the Third Cause of Action**

20       16.    That the Court declare, adjudge, and decree that Defendants violated California

21   Labor Code sections 226.7 and 512(a) and applicable Industrial Welfare Commission (IWC)

22   Wage Order(s) by willfully failing to provide all meal periods to Plaintiff and class members;

23       17.    That the Court make an award to the Plaintiffs and class members of one (1)

24   hour of pay at each employee's regular rate of compensation for each workday that a meal

25   period was not provided;

26       18.    For all actual, consequential, and incidental losses and damages, according to

27   proof;

28       19.    For premiums pursuant to California Labor Code section 226.7(b);

Case 3:18-cv-02480-CAB-LL   Document 36   Filed 11/04/19   PageID.507   Page 26 of 29


20.     For pre-judgment interest on any unpaid meal period premiums from the date such amounts were due; and

21.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Fourth Cause of Action**

22.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and class members;

23.     That the Court make an award to the Plaintiffs and class members of one (l) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

24.     For all actual, consequential, and incidental losses and damages, according to proof;

25.     For premiums pursuant to California Labor Code section 226.7(b);

26.     For pre-judgment interest on any unpaid rest period premiums from the date such amounts were due; and

27.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Fifth Cause of Action**

28.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all overtime wages, minimum wages, and meal and rest period premium wages owed at the time of termination of the employment of class members no longer employed by Defendants.

29.     For all actual, consequential and incidental losses and damages, according to proof;

30.     For statutory wage penalties pursuant to California Labor Code section 203 for all class members who have left Defendants' employ;

31.     For pre-judgment interest on any unpaid wages from the date such amounts

SECOND AMENDED CLASS ACTION COMPLAINT

1    were due; and

2       32.    For such other and further relief as the Court may deem equitable and

3    appropriate.

4                        **As to the Sixth Cause of Action**

5       33.    That the Court declare, adjudge and decree that Defendants violated the

6    recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage

7    Orders as to Plaintiff and class members, and willfully failed to provide accurate itemized

8    wage statements thereto;

9       34.    For all actual, consequential and incidental losses and damages, according to

10   proof;

11      35.    For statutory penalties and injunctive relief pursuant to California Labor Code

12   section 226(e) and (h); and

13      36.    For such other and further relief as the Court may deem equitable and

14   appropriate.

15                      <u>**As to the Seventh Cause of Action**</u>

16      37.    That the Court declare that Defendants' policies and/or practices violate

17   California law by failing to reimburse all business expenses incurred by Plaintiffs and

18   members of the class in the discharge of their duties as employees of Defendants violates

19   California Labor Code § 2802;

20      38.    For all actual, consequential and incidental losses and damages, according to

21   proof;

22      39.    For an award of damages in the amount of unpaid unreimbursed business

23   expenses, pursuant to California Labor Code Section 2802, according to proof;

24      40.    For pre-judgment interest on any unpaid unreimbursed business expenses from

25   the date such amounts were due; and

26      41.    For such other and further relief as the Court may deem equitable and

27   appropriate.

28

**As to the Eighth Cause of Action**

37.     That the Court declare, adjudge and decree that Defendants violated the following California Labor Code sections as to Plaintiffs and/or other Aggrieved Employees: 510 and 1198 (by failing to pay all overtime wages); 1194, 1197, and 1197.1 (by failing to pay at least minimum wages for all hours worked); 226.7 (by failing to provide meal or rest periods or the required compensation in lieu thereof); 226(a) (by failing to provide accurate and complete wage statements); 201, 202, 203 (by failing timely to pay all unpaid wages upon termination); 204 (by failing timely to pay all earned wages during employment).

38.     For civil penalties pursuant to California Labor Code sections 210, 226.3, 1174.5, 1197.1, 2699(a) and/or 2699(f) and (g), for violations of California Labor Code sections 201, 202, 203, 204, 206.5, 226(a), 226.7, 510, 512, 1194, 1197, 1197.1 and 1198;

**As to the Ninth Cause of Action**

39.     That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to pay overtime compensation due, failing to pay at least minimum wages for all hours worked, failing to provide meal and rest periods or premium wages in lieu thereof, failing to provide accurate wage statements, and failing timely to pay all earned wages during employment and upon termination;

40.     For restitution of unpaid wages to Plaintiffs and all class members and prejudgment interest from the day such amounts were due and payable;

41.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

42.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

43.     For such other and further relief as the Court may deem equitable and appropriate.

1

2   Dated: November 4, 2019                    Respectfully submitted,

3                                              The Bainer Law Firm

4

5                                       By: */s/ Matthew R. Bainer*

6                                              Matthew R. Bainer, Esq.

7                                              Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28